RUBIO ET AL., PLAINTIFFS AND APPELLANTS, *v.* MAYAGÜEZ AUTO GARAGE, INC., DEFENDANT AND RESPONDENT.

APPEAL from an order of the District Court of Mayagüez opening a default in an action for damages caused by negligence.

No. 1105.—Decided April 8, 1914.

DISCRETION OF COURT—ABUSE OF DISCRETION.—When the law grants a court discretional power to perform any act, the superior court will not reverse a decision rendered in the exercise of that power unless it is shown clearly that in doing so it abused the power granted it by law.

ID.—DEFAULT—OPENING DEFAULT.—In view of the circumstances it was held that the lower court did not abuse its discretional power in opening the default entered in this case.

The facts are stated in the opinion.

*Messrs. Benjamin J. Horton* and *José Ramón Freyre* for the appellants.

*Mr. José de Diego* for the respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal from a decision of the District Court of Mayagüez setting aside a judgment entered against the defendant by default and allowing it to file an answer to the complaint.

The plaintiffs sued the defendant for $20,000 damages for negligence and the defendant demurred to the complaint. The plaintiffs having been granted leave later to amend their complaint, the defendant withdrew its demurrer and the court allowed it 30 days to file an answer. On the day following the expiration of the said period of time, the answer not having been filed, upon the application of the plaintiffs the secretary entered the defendant's default and the next day entered judgment by default for the amount claimed.

As that judgment has been set aside by the lower court, we shall not consider in this case whether the secretary may enter ministerially a judgment against the defendant in an action of the nature of the present, but will confine ourselves to the question of whether the lower court abused its discretional power in rendering the decision appealed from.

In deciding this case in the manner in which it did the District Court of Mayagüez based its decision on a motion of the defendant filed two days after the judgment was entered, on several affidavits accompanying the same and on the answer to the complaint which was also filed. It appears from all of these documents, none of which were contradicted by means of affidavits, that the attorney entrusted with the preparation of the answer to the complaint, being a resident of San Juan, drew up the answer and on the day before the expiration of the time allowed for filing it put it in an envelope and delivered the sealed envelope containing the document to an employee of his to be posted, duly stamped, for delivery to Mr. Moscoso of Mayagüez, who was to attend to having the answer sworn to in that city and filing it in the court, but that the package was lost accidentally by the per-

son who was to post the same. It also appears from the affidavit of the attorney and from the answer itself that the defendant had a good defense to the action.

Section 140 of the Code of Civil Procedure allows a court in its discretion to relieve a party from a judgment or other proceeding taken against him through his excusable neglect and also to permit him to file his answer after the expiration of the time fixed by law.

In view of the facts in this case, we are of the opinion that the lower court properly exercised its discretional power and as we do not see and have not been shown that it abused its power, we shall not reverse its decision.

When the law grants a court discretional power to perform any act, the superior courts will not reverse a decision rendered in the exercise of that power unless it is shown clearly that in doing so it abused the power granted it by law.

It is better practice to allow the parties to defend and decide the issues after a hearing than to sustain judgments rendered by default when it is shown that negligence in complying with the law of procedure was excusable and not due to a desire to obstruct or delay the litigation.

The decision appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.